IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>and<br><br>STATE OF NEBRASKA,<br><br>    Plaintiffs,<br><br>v.<br><br>GOULD ELECTRONICS INC.,<br><br>    Defendant. | CIVIL ACTION NO. 8:11CV195 |

**<u>CONSENT DECREE</u>**

TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | BACKGROUND | 1 |
| II. | JURISDICTION | 1 |
| III. | PARTIES BOUND | 1 |
| IV. | DEFINITIONS | 1 |
| V. | PAYMENT OF RESPONSE COSTS | 4 |
| VI. | FAILURE TO COMPLY WITH CONSENT DECREE | 4 |
| VII. | COVENANT NOT TO SUE BY PLAINTIFFS | 5 |
| VIII. | RESERVATION OF RIGHTS BY PLAINTIFFS | 6 |
| IX. | COVENANT NOT TO SUE BY SETTLING DEFENDANT | 6 |
| X. | EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION | 7 |
| XI. | ACCESS TO INFORMATION | 8 |
| XII. | RETENTION OF RECORDS | 9 |
| XIII. | NOTICES AND SUBMISSIONS | 9 |
| XIV. | RETENTION OF JURISDICTION | 11 |
| XV. | INTEGRATION/APPENDICES | 11 |
| XVI. | LODGING AND OPPORTUNITY FOR PUBLIC COMMENT | 11 |
| XVII. | SIGNATORIES/SERVICE | 11 |
| XVIII. | FINAL JUDGMENT | 11 |

## I. BACKGROUND

A.  The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), and the State of Nebraska ("State"), on behalf of the Director of the Nebraska Department of Environmental Quality ("NDEQ"), filed a complaint in this matter pursuant to Sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9606, 9607.

B.  The United States in its complaint seeks, *inter alia*: reimbursement of certain costs incurred by EPA for response actions at the Omaha Lead Superfund Site in Omaha, Nebraska.

C.  The State is seeking reimbursement of certain costs incurred by the Nebraska Department of Environmental Quality for response actions at the Omaha Lead Superfund Site in Omaha, Nebraska pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607.

D.  Gould Electronics Inc. ("Settling Defendant") does not admit and expressly denies any liability to the Plaintiffs arising out of the transactions or occurrences alleged in the complaint.

E.  The Parties agree, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, and DECREED:

## II. JURISDICTION

1.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 6973, 9606, 9607, and 9613(b) and also has personal jurisdiction over the Settling Defendant. Settling Defendant consents to and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2.  This Consent Decree applies to and is binding upon the United States and the State and upon Settling Defendant and its heirs, successors and assigns. Any change in ownership or corporate or other legal status including, but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendant under this Consent Decree.

## IV. DEFINITIONS

3.  Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are

used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601, *et seq.*

"Consent Decree" or "Decree" shall mean this Consent Decree and all appendices attached hereto (listed in Section XV). In the event of conflict between this Consent Decree and any appendix, this Consent Decree shall control.

"Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

"DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

"Effective Date" shall be the effective date of upon which this Consent Decree is entered by the Court as recorded on the Court docket, or, if the Court instead issues an order approving the Consent Decree, the date such order is recorded on the Court docket.

"EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

"EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

"Interest," shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

"NDEQ" shall mean the Nebraska Department of Environmental Quality and any successor departments or agencies of the State.

"Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

"Parties" shall mean the United States, the State of Nebraska and the Settling Defendant.

"Plaintiffs" shall mean the United States and the State of Nebraska.

"RCRA" shall mean the Solid Waste Disposal Act, as amended, 42 U.S.C. §§ 6901 *et seq.* (also known as the Resource Conservation and Recovery Act).

"Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

"Settling Defendant" shall mean Gould Electronics Inc.

"Site" shall mean the Omaha Lead Superfund Site, which encompasses approximately 27 square miles and lies generally within a four-mile radius centered around the former ASARCO and Gould Facilities, which were located at 500 Douglas Street and 555 Farnam Street, respectively, in Omaha, Douglas County, Nebraska, and depicted generally on the map attached as Appendix A.

"State" shall mean the State of Nebraska.

"United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

## V. Payment of Response Costs

4. Within 30 days of entry of this Consent Decree, Settling Defendant shall pay to EPA $1,104,000.

5. Payment shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing the Civil Case number listed above, the EPA Region and Site Spill ID Number 07ZY, DOJ Case Number 90-11-3-07834 and USAO file number 2011V00076. Payment shall be made in accordance with instructions provided to Settling Defendant by the Financial Litigation Unit of the U.S. Attorney's Office in the District of Nebraska following lodging of the Consent Decree.

6. At the time of payment, Settling Defendant shall send notice that payment has been made to EPA and DOJ in accordance with Section XIII (Notices and Submissions).

7. The amount to be paid to EPA pursuant to Paragraph 4 shall be deposited in the Omaha Lead Special Account within the EPA Hazardous Substance Superfund to be retained and used to conduct or finance response actions at or in connection with the Site, or to be transferred by EPA to the EPA Hazardous Substance Superfund.

8. Within 30 days of the entry of the Consent Decree, Settling Defendant shall pay to the State $46,000.00 by official bank check made payable to Nebraska Department of Environmental Quality. Settling Defendant shall send the bank check to Michael J. Linder, Director Nebraska Department of Environmental Quality, Suite 400, The Atrium, 1200 N Street, P.O. Box 98922, Lincoln, Nebraska 68509-8922.

## VI. Failure To Comply With Consent Decree

9. <u>Interest on Late Payments</u>. If the Settling Defendant fails to make any payment under Paragraph 4 or Paragraph 8 by the required due date, Interest shall accrue on the unpaid balance from the Effective Date through the date of payment.

10. <u>Stipulated Penalty</u>.

    a. If any amounts due under Paragraph 4 or Paragraph 8 are not paid by the required due date, Settling Defendant shall be in violation of this Consent Decree and shall pay, as a stipulated penalty, in addition to the interest required by Paragraph 9, the following amounts per day for each day that such payment is late:

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $ 1,000 | 1st through 14th day |
| $ 2,500 | 15th through 30th day |
| $ 5,000 | 31st day and beyond |

    b. Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by EPA or the State. All payments to EPA under this

Consent Decree                  4
Civ. No.

Paragraph shall be identified as "stipulated penalties" and shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund." The check, or a letter accompanying the check, shall reference the name and address of the party making payment, the Site name, the EPA Region and Site Spill ID Number 07ZY, and DOJ Case Number 90-11-3-07834, and shall be sent to:

> U.S. Environmental Protection Agency
> Superfund Payments
> Cincinnati Finance Center
> PO Box 979076
> St. Louis, MO 63197-9000

    c.    At the time of each payment, Settling Defendant shall send notice to the United States and the State in accordance with Section XIII (Notices and Submissions) that payment has been made.

    d.    All payments to the State under this Paragraph shall be made by official bank check made payable to Nebraska Department of Environmental Quality, in payment of "stipulated penalties." Settling Defendant shall send the bank check to Michael J. Linder, Director Nebraska Department of Environmental Quality, Suite 400, The Atrium, 1200 N Street, P.O. Box 98922, Lincoln, Nebraska 68509-8922.

    e.    Penalties shall accrue as provided in this Paragraph regardless of whether EPA or the State has notified Settling Defendant of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

11.    If the United States or the State brings an action to enforce this Consent Decree, Settling Defendant shall reimburse the United States and the State for all costs of such action, including but not limited to costs of attorney time.

12.    Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiffs by virtue of Settling Defendant's failure to comply with the requirements of this Consent Decree.

13.    Notwithstanding any other provision of this Section, the United States and the State of Nebraska may, in their unreviewable separate discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse Settling Defendant from payments as required by Section V or from performance of any other requirements of this Consent Decree.

## VII. COVENANT NOT TO SUE BY PLAINTIFFS

14.    <u>Covenant Not to Sue by United States</u>. Except as specifically provided in Section VIII (Reservation of Rights by Plaintiffs), the United States covenants not to sue or to take administrative action against Settling Defendant pursuant to Sections 106 and 107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a), and Section 7003 of RCRA, 42 U.S.C. § 6973, with regard to the Site. This covenant not to sue shall take effect upon receipt by EPA of all payments

required by Section V (Payment of Response Costs) and any amount due under Section VI (Failure to Comply with Consent Decree). This covenant not to sue is conditioned upon the satisfactory performance by Settling Defendant of its obligations under this Consent Decree. This covenant not to sue extends only to Settling Defendant and does not extend to any other person.

15. <u>Covenant Not to Sue by State of Nebraska</u>. In consideration of and upon receipt of the payment the Settling Defendant is making pursuant to Paragraph 8, and except as otherwise provided in Paragraph 16 below, the State of Nebraska covenants not to further sue or to take administrative action against the Settling Defendant for reimbursement of costs the State has incurred for the Site and further releases and covenants not to sue the Settling Defendant for natural resources damages related to the Site.

## VIII. RESERVATION OF RIGHTS BY PLAINTIFFS

16. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters not expressly included within the Covenant Not to Sue by United States in Paragraph 14. The State of Nebraska reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters not expressly included within the Covenant Not to Sue by State of Nebraska in Paragraph 15. Notwithstanding any other provision of this Consent Decree, the United States and the State of Nebraska (except that the State does not reserve natural resource damages ("NRD") claims as described in sub paragraph (c) below) reserve all rights against Settling Defendant with respect to:

   a. liability for failure of Settling Defendant to meet a requirement of this Consent Decree;

   b. criminal liability;

   c. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

   d. liability, based upon Settling Defendant's ownership or operation of the Site, or upon Settling Defendant's transportation, treatment, storage, or disposal, or the arrangement for the transportation, treatment, storage, or disposal, of a hazardous substance or a solid waste at or in connection with the Site, after signature of this Consent Decree by Settling Defendant; and

   e. liability arising from the past, present, or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant outside of the Site.

## IX. COVENANT NOT TO SUE BY SETTLING DEFENDANT

17. Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States or the State, or their contractors or employees, with respect to the Site or this Consent Decree, including but not limited to:

   a. any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

    b.  any claim arising out of response actions at or in connection with the Site, including any claim under the United States Constitution, the Nebraska Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

    c.  any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613.

  18.  Except as provided in Paragraph 17 (Waiver of Claims) and Paragraph 20 (Waiver of Claim-Splitting Defenses), these covenants not to sue shall not apply in the event the United States or the State brings a cause of action or issues an order pursuant to the reservations set forth in Paragraph 16 (c) - (e), but only to the extent that Settling Defendant's claim arises from the same response action or response costs that the United States or the State is seeking pursuant to the applicable reservation.

  19.  Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

  20.  Settling Defendant agrees not to assert any CERCLA claims or causes of action that it may have for all matters relating to the Site, including but not limited to, claims or causes of action under Sections 107(a) and 113 of CERCLA, against any other person. This waiver shall not apply with respect to any defense, claim, or cause of action that a Settling Defendant may have against any person if such person asserts a claim or cause of action relating to the Site against such Settling Defendant.

## X. Effect of Settlement/Contribution Protection

  21.  Except as provided in Paragraph 20, nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this Decree may have under applicable law. Except as provided in Paragraph 20, each of the Parties expressly reserve any and all rights (including, but not limited to, pursuant to Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto. Nothing in this Consent Decree diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to pursue any such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

  22.  The Parties agree, and by entering this Consent Decree this Court finds, that this settlement constitutes a judicially-approved settlement for purposes of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and that the Settling Defendant is entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, or as may be otherwise provided by law, for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are all response actions taken or to be taken and all response costs incurred or to be incurred, at or in connection with the Site, by the United States or any other person; provided, however, that if the United States exercises rights against the Settling Defendant under the reservations in Section VIII (Reservation of Rights by Plaintiffs), other than in Paragraphs 16(a) (claims for failure to meet a requirement of the

Consent Decree       7
Civ. No.

Consent Decree), or 16(b) (criminal liability), the "matters addressed" in this Consent Decree will no longer include those response costs or response actions that are within the scope of the exercised reservation.

23. The Settling Defendant shall, with respect to any suit or claim brought by it for matters related to this Consent Decree, notify the United States and the State in writing no later than 60 days prior to the initiation of such suit or claim. The Settling Defendant shall, with respect to any suit or claim brought against it for matters related to this Consent Decree, notify the United States and the State in writing within 10 days of service of the complaint or claim upon it. In addition, the Settling Defendant shall notify the United States and the State within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

24. In any subsequent administrative or judicial proceeding initiated by the United States or the State for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States or the State in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by Plaintiffs set forth in Section VII.

## XI. ACCESS TO INFORMATION

25. Settling Defendant shall provide to EPA and the State, upon request, copies of all records, reports, or information (hereinafter referred to as "records") within their possession or control or that of their contractors or agents relating to activities at the Site or to the implementation of this Consent Decree, including, but not limited to, sampling, analysis, chain of custody records, manifests, trucking logs, receipts, reports, sample traffic routing, correspondence, or other documents or information related to the Site.

26. Confidential Business Information and Privileged Documents.

　　a. Settling Defendant may assert business confidentiality claims covering part or all of the records submitted to Plaintiffs under this Consent Decree to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. 2.203(b). Records determined to be confidential by EPA will be accorded the protection specified in 40 C.F.R. Part 2, Subpart B and by the State in accordance with Neb. Rev. Stat. § 84-712 *et seq*. If no claim of confidentiality accompanies records when they are submitted to EPA and the State, or if EPA has notified Settling Defendant that the records are not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2, Subpart B, and Neb. Rev. Stat. § 84-712 *et seq*. for the State, the public may be given access to such records without further notice to Settling Defendant.

　　b. The Settling Defendant may assert that certain records are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendant asserts such a privilege in lieu of providing records, they shall provide Plaintiffs with the following: 1) the title of the record; 2) the date of the record; 3) the name and title of the author of the record; 4) the name and title of each addressee and recipient; 5) a description of the subject of the record; and 6) the privilege asserted. However, no records created or generated

Consent Decree　　　　　　　　　　　　　8
Civ. No.

pursuant to the requirements of this or any other settlement with the United States shall be withheld on the grounds that they are privileged

27. No claim of confidentiality shall be made with respect to any data, including but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, or engineering data, or any other records evidencing conditions at or around the Site.

## XII. RETENTION OF RECORDS

28. Until 10 years after the entry of this Consent Decree, the Settling Defendant shall preserve and retain all records now in its possession or control, or which come into its possession or control, that relate in any manner to response actions taken at the Site or the liability of any person under CERCLA with respect to the Site, regardless of any corporate retention policy to the contrary.

29. After the conclusion of the document retention period in the preceding paragraph, Settling Defendant shall notify the United States and the State at least 90 days prior to the destruction of any such records, and, upon request by the United States or the State, Settling Defendant shall deliver any such records to EPA or the State. The Settling Defendant may assert that certain records are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendant asserts such a privilege, it shall provide Plaintiffs with the following: 1) the title of the record; 2) the date of the record; 3) the name and title of the author of the record; 4) the name and title of each addressee and recipient; 5) a description of the subject of the record; and 6) the privilege asserted. However, no records created or generated pursuant to the requirements of this or any other settlement with the United States shall be withheld on the grounds that they are privileged.

30. The Settling Defendant hereby certifies individually that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, reports, or information relating to its potential liability regarding the Site since notification of potential liability by the United States or the State or the filing of suit against it regarding the Site and that it has fully complied with any and all EPA requests for information pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927.

## XIII. NOTICES AND SUBMISSIONS

31. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, DOJ, the State, and the Settling Defendant. Notices required to be sent to EPA, and not to the United States, under the terms of this Consent Decree should not be sent to the U.S. Department of Justice.

As to the United States:     Chief, Environmental Enforcement Section
    Environment and Natural Resources Division

Consent Decree
Civ. No.

|  |  |
|---|---|
|  | United States Department of Justice<br>Ben Franklin Station<br>P.O. Box 7611<br>Washington, D.C. 20044-7611<br>Re: DJ # 90-11-3-07834 |
| As to EPA: | Steven L. Sanders<br>Senior Counsel<br>United States Environmental Protection Agency<br>Region 7<br>901 North 5th Street<br>Kansas City, Kansas 66101 |
| and | Pauletta France-Isetts<br>EPA Project Coordinator<br>United States Environmental Protection Agency<br>Region 7<br>901 North 5th Street<br>Kansas City, Kansas 66101 |
| As to the Regional Financial Management Officer: | John Phillips<br>United States Environmental Protection Agency<br>Region 7<br>901 North 5th Street<br>Kansas City, Kansas 66101 |
| As to the State: | David B. Haldeman<br>Waste Division Administrator<br>Nebraska Department of Environmental Quality<br>Suite 400, The Atrium<br>1200 N Street<br>P.O. Box 98922<br>Lincoln, Nebraska 68509-8922 |
| As to the Settling Defendant: | Thomas N. Rich<br>Gould Electronics Inc.<br>34929 Curtis Blvd., Suite 100<br>Eastlake, OH 44095-4001 |
| and | David L. Blount, Esq.<br>Counsel for Gould Electronics Inc.<br>Landye Bennett Blumstein, LLP<br>1300 SW Fifth Avenue, Suite 3500<br>Portland, OR 97201 |

## XIV. Retention of Jurisdiction

32. This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XV. Integration/Appendices

33. This Consent Decree and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree. The following appendices are attached to and incorporated into this Consent Decree: "Appendix A" is a map of the Site.

## XVI. Lodging and Opportunity for Public Comment

34. This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment in accordance with Section 122(d)(2) of CERCLA, 42 U.S.C. § 9622(d)(2), and 28 C.F.R. § 50.7. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendant consent to the entry of this Consent Decree without further notice.

35. If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVII. Signatories/Service

36. The undersigned representative of the Settling Defendant to this Consent Decree and the Associate Attorney General for the Environment and Natural Resources Division of the Department of Justice and the Attorney General for the State, certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such Party to this document.

37. The Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

38. The Settling Defendant shall identify, on the attached signature page, the name, address and telephone number of an agent who is authorized to accept service of process by mail on behalf of it with respect to all matters arising under or relating to this Consent Decree. Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons. The Parties agree that Settling Defendant need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XVIII. Final Judgment

39. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between and among the United States, the State and the

Consent Decree
Civ. No.

11


Settling Defendant. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58. The Clerk of the Court is directed to terminate this case for statistical purposes.

SO ORDERED THIS 10th DAY OF August, 2011.

_____
United States District Judge

Signature Page for Consent Decree regarding the Omaha Lead Superfund Site.

**FOR THE UNITED STATES OF AMERICA**

5/27/11
Date

Ignacia S. Moreno
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

Katherine A. Loyd
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
999 18th Street, Suite 370
Denver, Colorado 80202

Signature Page for Consent Decree regarding the Omaha Lead Superfund Site.

**FOR THE UNITED STATES OF AMERICA**

5/31/11
Date

Deborah R. Gilg
United States Attorney
District of Nebraska

Laurie A. Kelly
Assistant United States Attorney
1620 Dodge Street, Suite 1400
Omaha, NE 68102-1506

Signature Page for Consent Decree regarding the Omaha Lead Superfund Site.

FOR THE U.S. ENVIRONMENTAL PROTECTION AGENCY

5/27/11
Date

Karl Brooks
Regional Administrator
U.S. Environmental Protection Agency
Region 7
901 North Fifth Street
Kansas City, Kansas 66101

Steven L. Sanders
Senior Counsel
U.S. Environmental Protection Agency
Region 7
901 North Fifth Street
Kansas City, Kansas 66101

Consent Decree
Civ. No.

Signature Page for a Consent Decree regarding the Omaha Lead Superfund Site.

## FOR THE STATE OF NEBRASKA

Jon Bruning
Nebraska Attorney General

5/26/2011
Date

Katherine J. Spohn
Special Counsel to the Attorney General
Nebraska Attorney General's Office
2115 State Capitol
Lincoln, NE 68509-8920
Nebraska Bar Number 22979
(402) 471-2682
Email: katie.spohn@nebraska.gov

Signature Page for a Consent Decree regarding the Omaha Lead Superfund Site.

FOR GOULD ELECTRONICS INC.

Signature: _Thomas N Rich_  _May 26, 2011_
                                                                    Date

Name:     Thomas N. Rich
Title:      Chief Administrative Officer
Address:  Gould Electronics Inc.
          34929 Curtis Blvd., Suite 100
          Eastlake, OH  44095-4001

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name:     David L. Blount
Title:      Counsel for Gould Electronics Inc,
Address:  1300 SW Fifth Avenue, Suite 3500
          Portland, OR  97201

Ph. Number:  503-224-4100

Consent Decree
Civ. No.

17

APPENDIX A

OMAHA LEAD
SITE FOCUS AREA

